## UNRECORDED OR UNACKNOWLEDGED LEASE FOR MORE THAN THREE YEARS FROM DATE.

Common Pleas Court of Richland County.

ADAMS EXPRESS COMPANY V. JOHN ZIMMERMAN.

Decided, August 26, 1911.

*Validity of Lease—Where Running for Three Years from a Future Date and Unacknowledged or Recorded—Forcible Entry and Detainer—Competency of Lessor to Execute Lease—Charge to Jury by Justice of the Peace—Section 8517.*

1. Where the validity of a lease is denied on the ground that the lessor was without mental capacity at the time of its execution, the issue as to, his competency may be raised in a forcible entry and detainer proceeding and evidence heard thereon as in a suit in equity.

2. A lease for a term of three years from a future date is a lease for three years only, and such a lease is valid notwithstanding it was not acknowledged or recorded.

*Cummings, McBride & Wolfe,* for plaintiff in error.
*Skiles, Green & Skiles,* contra.

MANSFIELD, J.

This case comes into this court on error proceedings from the docket from Jabez Dickey, justice of the peace.

The original action was one of forcibly entry and detention in which the defendant in error, the plaintiff below, sought ouster proceedings against the plaintiff in error, the defendant below, from the possession of certain room located on Main street, and now occupied by the plaintiff in error, as a place of doing business.

The case was heard before a jury and the jury found for the plaintiff below. A bill of exceptions was taken and the ruling and judgment of the justice are brought in review by the bill so taken. But two errors are insisted upon in argument: First, that the court had no jurisdiction to enter a final judgment against the Adams Express Company; and second, that the court erred in its instructions to the jury.

The record discloses that the property in question was owned in fee by Levi Zimmerman at the time of his death in the spring of 1910, and that the Adams Express Company, the defendant below, was in possession of said premises during the life time of said Levi Zimmerman under a written lease which expired September 1, 1910.

Prior to the death of Levi Zimmerman in February, 1910, an instrument of writing in the form and terms of a lease was executed by the Adams Express Company and Levi Zimmerman for the same property for a term of three years, commencing on the 1st day of September, 1910, and ending on the first day of September, 1913, the commencement of said term immediately following the expiration of the old lease under which the Adams Express Company was then in possession.

By the terms of the last will and testament of Levi Zimmerman, the property in question passed to and became the property of the grantor of plaintiff below, John Zimmerman, and this action was then commenced as already stated to oust the Adams Express Company from the possession of said premises.

The plaintiff to make out his case in the first instance, established his ownership of the premises in question. The defendant then introduced in evidence the lease above referred to. which had been signed by the Adams Express Company and which bore the signature of Levi Zimmerman. The plaintiff then introduced evidence over the objection of the defendant below, tending to show that at the time of the signing of the lease in February, 1910, that Levi Zimmerman was of unsound mind and incapable of executing and delivering an instrument of that character.

Much testimony was adduced upon both sides touching this proposition. The defendant below at all times saved their objection to the introduction of any testimony tending to show the incompetency or mental disability of the lessor Levi Zimmerman; and the question sought to be raised by such objection and one now urged in this court, is that if Levi Zimmerman was mentally incompetent to execute and deliver the lease in question, before the plaintiff below would have a right to insist upon such an issue being made, he must first come into a court of

equity and have the instrument or lease set aside upon that ground. That is, it is the contention of the plaintiff in erro that the contract at the best was simply voidable and not void, and therefore, that the plaintiff under the holding of the 78th Ohio State, was bound to establish his remedy in equity before he could raise the issue at law.

In the case of *Perry* v. *O'Neil,* in the 78th Ohio State, 200, the Supreme Court has determined the rule in this state applicable to the question raised in the case at bar. Judge Summers on page 209 of the 78th Ohio State says:

"If a party suing to recover for personal injury admits the execution of a release and seeks to avoid it on equitable grounds, he must obtain that relief to maintain his action. When he denies the execution of the release or that it is his act, on the ground of want of mental capacity at the time he signed it, or that his signature to the release was procured by fraud such as misreading, the surreptitious substitution of one paper for another, or obtaining by some other trick or device an instrument which he did not intend to give, he may maintain his action without obtaining a decree. In other words, if a release is void he may ignore it in his petition, and if it is plead as a bar in the answer he may in his reply plead the facts that make it void, and if it is not void, only voidable, he must to maintain his action obtain its rescission or cancellation."

On page 223 of the same opinion, the court commenting along the same lines says:

"In the present case it will appear by examination of the reply, that the plaintiff avers that she is illiterate, unable to read or write except to sign her name, and that in signing said paper writing she did it under a mistake as to its contents and upon the misrepresentations of the defendant, its agents and employes she thought it was a mere receipt for service hire as aforesaid, and under the impression that she was signing a mere receipt and while she was physically and mentally incapacitated for acting in the matter."

The court says:

"The above averments are all facts which if proven would show the release was not voidable but void."

So that whatever may be the holding in other jurisdictions. it is very apparent in this state that the Supreme Court has held that where one has not mental capacity to make an instrument. where the minds of the parties could not meet, the contract is not merely voidable but is absolutely void, and such showing and issue can be made in a direct proceeding as one in law.

We think the justice was warranted over the objection of the defendants below in permitting the plaintiff to introduce evidence as to the mental condition of Levi Zimmerman at the time of the execution or the signing of the contract in question.

The other question presented in the argument was that of the charge of the court, and it involves directly the construction of the statute governing the recording and acknowledging of leases where more than three years expires from the time of their execution up to the time of the expiration of the term of the lease.

It may be said as a general proposition that a justice is not required to charge a jury in any respect, but when he does charge the jury he is bound to charge the law, and if in so doing he fails to charge the law and such charge is prejudicial to either party, the party who is so prejudiced may properly predicate his right to review acts of the justice by a proceeding in error.

In the case at bar, the justice among other things said to the jury:

"A lease for the rental of property, not to be performed within three years from its date, the law requires to be witnessed and acknowledged by an official. If you find that was done in this case, then it would be a valid lease, at least so far as the paper writing is concerned, the fact of it. If you find it is not. so, it is void as a lease."

The court then charged them upon the question of mental capacity as it affects contracts.

The jury retired for deliberation and then came back into court when the following conversation took place between the jury and the court: "We want to know whether this is a legal document." To which the justice replied, "I gave instructions which constitute a lease." Thereupon the jury replied, "We can not do anything unless we know." Thereupon the court instructed the jury as follows: "A lease not to be performed

within three years of execution must be signed in the presence of witnesses and acknowledged by an officer in order to be valid.'' To all of these instructions the defendant excepted.

It is very apparent from the questions asked by the jury that they desired to know as a matter of law what the legal effect of the lease was that was placed in evidence. There could be no dispute as to the fact. It was admitted that the lease was executed in February, 1910, that it bore the signature of Levi Zimmerman and the Adams Express Company, that it was not acknowledged nor was it recorded, that it was for the term of three years. And, it further appears and is uncontroverted that the only right that plaintiff in error was claiming to the premises was by virtue of. the lease that it had introduced in evidence.

Upon the question of the lease there wasn't anything to find. So if the court is correct in its interpretation of the law then the plaintiff can not be prejudiced by the charge of the court. If the justice did not charge the law, then it is evident that the plaintiff could claim prejudicial error for the reason that it appears from this record that the validity of the lease itself was the controlling thing in the minds of the jury.

The evidence upon the question of mental capacity of Levi Zimmerman was conflicting, to some extent at least. But that was a separate issue, and not withstanding that the jury said to the court they can do nothing unless they knew about the lease, and in view of the circumstances the court gave the instructions shown in the record, it would appear that if the justice was not correct in his instructions to the jury upon this subject, that necessarily would amount to prejudicial error.

It appears to the court that the justice was wrong in the interpretation he gave to the statute regarding leases for any term not exceeding three years, to be acknowledged, attested and recorded. The term of this lease was only for the term of three years. It was executed some time prior, six months before, the term commenced to operate. But the statute reads, "or of any other lands of any term not exceeding three years; or require such lease to be attested, acknowledged or recorded."

The statute speaks of terms, not the date of execution of the lease. If it was the intention of the Legislature to require

leases to be recorded and acknowledged within three years of their execution or to be treated as null and void, it would appear that the Legislature would have said so in plain and distinct language. °

In the case of *Young* v. *Strait,* 45th N. Y., page 457, the court say:

"The time between the making of the lease and its commencement in possession is no part of the term granted by it; the term is that period which is granted for the lease or tenant to occupy and have possession of the premises. It is the estate or interest which he has in the land itself by virtue of the lease from the time it vests in possession. When, therefore, our statute speaks of a lease for a term not exceeding one year and a contract for a period of not longer than one year, it has reference to the time for the tenant to possess and occupy the premises and does not include any intermediate time. A lease, therefore, for a term of one year may as well be made from a future date as from the day of making it, if by making it should not expire for two years from the time it was made it might still be a lease for one year."

Upon this feature of the case there is another fact that appears in this record that puts in question the correctness of the justice's charge to the jury on the proposition of the holding of the Adams Express Company of the property at the time this action was commenced.

There seems to be no question raised in the record but what the rights under the old lease expired by limitation the 31st day of August, 1910, and that the possession of the Adams Express Company up to that time was lawful.

It further appears by the record in this case, that the Adams Express Company continued in possession and paid the rent which in amount was the same as that covered by the old lease. and which payments continued, so far as this record is concerned and shows practically up to the time of the death of Levi Zimmerman in 1911.

So that another question might arise, and that is under the law where a former lease had expired and a new lease was invalid by reason of the fact that it was not acknowledged or recorded as provided by statute but the parties continued in

the occupancy of the premises, enjoyed its possession and the landlord received the rents, that the possession of the tenant would be protected as a holding for an additional year at least from the expiration of the old lease. *R. R. Co.* v. *West,* 57th Ohio State, 161.

If this proposition be true, then the action below was prematurely commenced and for that reason the charge of the court would be prejudicial.

In the 12th Circuit Court on page 445, the case of *Dennis* v. *H. L. Hanson et al,* suggests a proposition which may be applicable and throw some light upon the question suggested by the court, the syllabus of which case is as follows:

"Where a lessee enters into possession of lands under a verbal lease for five years and has occupied and cultivated them and made improvements thereon and paid the rent stipulated in the verbal agreement, he can not be evicted by the lessor or his executors during such term under a proceeding in forcibly entry and detainer."

In the case last cited, the court cites the case of *Grant* v. *Ramsey,* 7th Ohio State, page 15, as an authority upon the question of a parole lease of lands for more than one year being wholly withdrawn from the operation of statute of frauds by taking possession of it by the tenant and the payment of rent according to its terms.

Of course, if Levi Zimmerman was mentally incapacitated at the time that he executed the lease in question, the presumption would arise that he continued to be so thereafter until such presumption was removed by competent proof, and until it was shown that his reason was restored any possession of the tenant of the premises or payment of rent would not be such payment as would operate to bind one who was incapable of making contracts or be estopped by his acts.

The jury however by their inquiry, indicated that the verdict to be rendered was to be determined by the effect to be given to the lease and not upon the mental capacity of the lessor.

But for the reason already stated, the court thinks that the lease in question was not absolutely void, for the reason that the term extended for a period of more than three years from

the time of its execution. That under the plain terms or language of the statute, the term being only for three years, that it was unnecessary to have it recorded and acknowledged in order to make it a good and valid lease.

The justice having told the jury otherwise, and as appears from this record they seem to have determined the case wholly upon such instructions, the instructions necessarily were prejudicial to the plaintiff in error.

Therefore the judgment of the justice will be reversed. Exceptions noted by the defendant in error, judgment for costs against the defendant in error.